J-S52007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SEAN NOTMAN, | |
| Appellant | No. 1449 WDA 2014 |

Appeal from the Judgment of Sentence August 6, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0003858-2012, CP-02-CR-0015788-2012

BEFORE:  SHOGAN, OLSON, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:                 **FILED SEPTEMBER 22, 2015**

Appellant, Sean Notman, appeals from the judgment of sentence entered on August 6, 2014, in the Court of Common Pleas of Allegheny County.  Appellant's counsel has filed a motion seeking to withdraw his representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  Appellant has not filed a response to counsel's motion.  After careful review, we grant counsel's motion to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the factual history of this case as follows:

On February 26, 2012, the Mt. Oliver Police and the Allegheny County Police were called to investigate a reported shooting at 406 Carl Street, Apartment 2, Mt. Oliver, Pennsylvania.  Police interviewed Gene Marnell [("Marnell")] and

Aislinn Berardi [("Berardi")], who both indicated that they had been asleep in the bedroom until at approximately 1:00 a.m. when Marnell awoke to his roommate, Appellant, Sean Notman, returning to the residence. Marnell heard Appellant say "I could blow them away and they would never know." Marnell heard ammunition being chambered in a gun and shortly thereafter a shot fired. Marnell retrieved his own firearm and confronted Appellant in the kitchen. Once Marnell entered the kitchen, he observed Appellant brandishing an AK-47 assault rifle. When Marnell asked Appellant what he was doing, Appellant replied, "Time for my last stand. Let them come."

Marnell and Appellant struggled for the rifle, during which time a round was fired by Appellant, striking the dishwasher.[1] Marnell obtained the firearm from Appellant, who collapsed to the ground crying. Appellant subsequently left the apartment after stating that if Marnell called the police, Appellant would kill any police that responded. Despite the threat, Marnell and Berardi left the apartment and called the police.

[1] The initial round had gone through the wall of the bedroom where the victims (Marnell and Berardi) had been sleeping.

When the police searched the apartment, they observed a notebook on Appellant's bed with a hand-drawn diagram of a "Garbage Can Bomb." Police also observed a list of accessories, a price list, a diagram for the AK-47, a drum, a 75 round drum magazine, a red dot sight, and a silencer, among Appellant's possessions. Marnell told police that Appellant regularly researched how to manufacture bombs, C-4 explosives, serial killers, and Adolph Hitler. Marnell also told police that Appellant had planned to wear a gorilla suit to St. Patrick's day celebrations at Market Square and shoot as many people as possible with his AK-47.

During the search of Appellant's apartment, police recovered a gorilla suit on Appellant's floor and a laptop computer on Appellant's bed. Upon further investigation, a document was recovered from the laptop which contained a detailed and disturbing plan by Appellant to kill individuals at the St. Patrick's Day parade. A search history on the computer included searches for how to manufacture a bomb, as well as mass killers and serial killers.

Trial Court Opinion, 3/2/15, at 3-4 (internal citations omitted).

On December 9, 2013, Appellant pled guilty at CP-02-CR-3858-2012, which was the incident involving Marnell and Berardi, to two counts of aggravated assault and two counts of terroristic threats with intent to terrorize another. At CP-02-CR-15788-2012, resulting from the findings on the laptop and the search generally, Appellant pled guilty to one count of aggravated assault and one count of criminal attempt-causing catastrophe. On February 27, 2014, the trial court sentenced Appellant to an aggregate sentence of twenty to eighty years of incarceration.

Appellant filed a timely post-sentence motion in which he argued that his sentence was "not only out of proportion with the harm actually caused in the case at hand, but out of proportion with other cases in the system." Appellant's Post-Sentence Motion, 3/10/14, at ¶ 4. In response to Appellant's post sentence motion, the trial court modified Appellant's sentence, reducing Appellant's aggregate sentence to fourteen-and-one-half to eighty years, by order entered on August 6, 2014. Appellant filed a notice of appeal on September 5, 2014, and a concise statement of errors complained of on November 10, 2014. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Before we address the questions raised on appeal, we first must resolve appellate counsel's request to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are

procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within his motion to withdraw, counsel averred that he conducted a conscientious examination of the record. Following that review, counsel concluded that the present appeal is wholly frivolous. Counsel sent to Appellant a copy of the **Anders** brief and motion to withdraw, as well as a letter, a copy of which is attached to the motion to withdraw. In the letter, counsel advised Appellant that he could represent himself or retain private counsel to represent him.

We now examine whether the brief satisfies our Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Cartrette**, 83 A.3d at 1032 (quoting **Santiago**, 978 A.2d at 361).

- 4 -

Counsel's brief is compliant with **Santiago**. It sets forth the history of this case, outlines pertinent case authority, and cites to the record. Further, the brief sets forth counsel's conclusion that the appeal is frivolous, and counsel's reasons for that determination. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Accordingly, we address the following issues raised in the **Anders** brief:

    1. The trial court's sentence was manifestly excessive as the aggregate sentence was excessive in light of the criminal conduct at issue.

    2. The trial court's sentence was manifestly excessive as the aggregate sentence was excessive in light of the lack of Appellant's prior criminal history.

    3. The trial court's sentence was manifestly excessive as the aggregate sentence was excessive in light of a lack of aggravating factors.

    4. The trial court's sentence was manifestly excessive as institutionalization would not provide the most effective correctional treatment.

Appellant's Brief at 4 (footnote omitted).

Appellant's issues consist of claims that the trial court abused its discretion in imposing the sentence in this case. Specifically, Appellant contends that the sentence imposed was harsh and excessive in light of the factors which should have been considered by the sentencing court. Thus, counsel is purporting to present a challenge to the discretionary aspects of Appellant's sentence.

It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, an appellant's appeal should be considered to be a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)).

In *Commonwealth v. Reeves*, 778 A.2d 691 (Pa. Super. 2001), we reaffirmed the principle articulated in *Commonwealth v. Jarvis*, 663 A.2d 790 (Pa. Super. 1995), wherein this Court observed that, although Pa.R.Crim.P. 1410 (presently Rule 720) characterizes post-sentence motions as optional, the rule expressly provides that only issues raised in the trial court will be deemed preserved for appellate review. *Id.* at 692. Applying

this principle, the ***Reeves*** Court held that an objection to a discretionary aspect of a sentence is waived if not raised in a post-sentence motion or during the sentencing proceedings. ***Id.***; ***see also Commonwealth v. Parker***, 847 A.2d 745, 752 (Pa. Super. 2004) (holding challenge to discretionary aspect of sentence was waived because appellant did not object at sentencing hearing or file post-sentence motion).

Initially, we conclude that the first requirement of the four-part test is met because Appellant brought this direct appeal in a timely manner following the imposition of sentence. However, our review of the record reflects that Appellant did not meet the second requirement because he did not raise his current challenge in a post-sentence motion or at the time of sentencing.

As noted, Appellant was originally sentenced on February 27, 2014, to an aggregate sentence of twenty to eighty years of incarceration. Following imposition of his sentence, Appellant filed a post-sentence motion. Post-Sentence Motion, 3/10/14, at 1-4. In response to Appellant's post-sentence motion, the trial court issued an order on June 27, 2014, indicating that "at 2012-15788, a modified sentencing order will be entered reflecting a reduction of the minimum at each count, all sentences continue to run consecutive to each other." Order, 6/27/14, at 1. Subsequently, the trial court issued an order on August 6, 2014, granting the post-sentence motion to modify sentence and imposing a new sentence, resulting in an aggregate

sentence of fourteen-and-one-half to eighty years of incarceration. Appellant filed his notice of appeal on September 5, 2014.

No post-sentence motions were filed after the June 27, 2014 order or imposition of the August 6, 2014 modified sentence, and there was no related sentencing hearing. Because Appellant failed to raise his objection in a post-sentence motion or at sentencing, Appellant's issues are waived, and we are precluded from addressing their merits on appeal. **Reeves**, 778 A.2d at 692 (an objection to a discretionary aspect of a sentence is waived if not raised in a post-sentence motion or during the sentencing proceedings).

We also have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. **Commonwealth v. Harden**, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw and affirm the judgment of sentence.

Motion to withdraw as counsel is granted. Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/22/2015

- 8 -